UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BOVA PROPERTIES, L.L.C.,

        Plaintiff,

v.

VELOCITY VENTURES, L.L.C., and
JARED E. LARSON,

        Defendants.

_____/

Case No. 14-14602

Honorable Nancy G. Edmunds

**OPINION AND ORDER DENYING DEFENDANTS' MOTION TO DISMISS [11]**

      This matter is before the Court on Defendants' motion to dismiss this action based on lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2).  (Dkt. #11).  Plaintiff opposes the motion, arguing that Defendants consent to jurisdiction because they agreed to a forum selection clause.  The parties through their counsel appeared at a hearing on April 29, 2015.  For the reasons set forth below, the Court DENIES Defendants' motion to dismiss.

**I.    FACTS**

      **A.    Background**

      On December 5, 2014, Plaintiff BoVa Properties, L.L.C., filed this diversity action against Defendants Velocity Ventures, L.L.C., and Jared E. Larson.  Plaintiff alleges that on or about August 8, 2013, Defendant Velocity entered into the Gold Mining Agreement ("Agreement") with Plaintiff.  Plaintiff alleges that pursuant to the Agreement, on August 12, 2013, Plaintiff wired $420,000 to Defendant Velocity "for the purpose of financing gold from

2:14-cv-14602-NGE-EAS   Doc # 18   Filed 05/06/15   Pg 2 of 13   Pg ID 85

Africa." (Pl.'s Compl. ¶ 13).  Plaintiff alleges that Defendant Velocity failed to provide an accounting of its activities and access to its bank account(s) pursuant to the Agreement, failed to purchase any gold, and refuses to return the money to Plaintiff.   Plaintiff's complaint seeks a declaratory judgment as to whether the Arbitration of Disputes provision or the Applicable Law provision of the Agreement is controlling (Count I); alleges that Defendant Velocity breached the Agreement (Count II); seeks equitable relief and an injunction ordering Defendant Velocity to provide a detailed accounting of all financial transactions and access to its bank accounts pursuant to the Agreement and enjoining Defendants from transferring any of the $420,000 prior to resolving this dispute (Count III); and alleges unjust enrichment (Count IV, incorrectly identified in Compl. as Count VI).  This matter is now before the Court on Defendants' motion to dismiss for lack of personal jurisdiction.

### B. Parties' Citizenship

Plaintiff alleges Defendant Velocity is a Utah Limited Liability Company owned by sole member Defendant Larson.  (Pl.'s Compl. ¶ 2; Pl.'s Resp. to Order Show Cause ¶¶ 4, 5, 6).  Defendants have not yet filed an Answer, but the motion to dismiss is consistent with Plaintiff's allegations of citizenship.  Defendant Velocity is a Utah company with its principal place of business in Utah.  (Defs.' Mot. Dismiss).  Defendant Larson lives in Utah.  (*Id.*).

Plaintiff is a Michigan Limited Liability Company owned by Vanco Serafimovski and Bob Burton, both Michigan residents.  (Pl.'s Compl. ¶ 1; Pl.'s Resp. to Order Show Cause ¶¶ 2, 3).

2

### C. Gold Mining Agreement Choice of Forum Provision

The Agreement between the parties contains the following provision:

> This Agreement will be governed and must be construed in accordance with the laws of the State of Michigan. The parties agree that this Agreement has been entered into and executed in the County of Wayne, State of Michigan, and consent to personal jurisdiction and venue to the The (sic) United States District Court for the Eastern District (sic) Michigan. The parties further agree that the normal rule of construction to the effect that any ambiguities are to be resolved against the drafting party shall not be employed in the interpretation and/or enforcement of this Agreement.

(Agreement § XVIII Applicable Law, Pl.'s Compl. Ex. 1).

## II.   ANALYSIS

Defendants argue that neither Defendant has contacts with Michigan sufficient to establish personal jurisdiction by this Court. Plaintiff argues that the Agreement contains a valid forum selection clause.

### A. Corporate Defendant Velocity

Defendant Larson initially brought this motion acting pro se on behalf of himself and Defendant Velocity. There is neither evidence nor allegation that Defendant Larson is a licensed attorney. While federal statute permits an individual to appear *pro se*, the provision does not extend to corporations. 28 U.S.C. § 1654 provides that "[i]n all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein."[1]

---

[1]Case law confirms that "[t]he rule of this circuit is that a corporation cannot appear in federal court except through an attorney." *Doherty v. American Motors Corp.*, 728 F.2d 334, 340 (6th Cir. 1984) (citations omitted).

Defendant Larson lacked standing to bring this motion on behalf of Defendant Velocity. On February 24, 2015, the Court ordered Defendant Velocity to appear by counsel and ordered Defendant Larson to inform the Court in writing that he is not proceeding in pro per on behalf of Defendant Velocity. On March 13, 2015, an attorney filed an appearance on behalf of both Defendants. Defendants' counsel argued the motion on behalf of both Defendants at a hearing on April 29, 2015. The Court therefore considers the merits of the motion to dismiss as to both Defendants.

**B. Applicability Of The Forum Selection Clause To Defendant Larson**

Defendant Larson signed the Agreement on behalf of Defendant Velocity as its "Operations Manager." In the pleadings, neither Defendant argued that Defendant Larson was not bound by the clause, yet Defendants' counsel raised this argument at the hearing and Plaintiff's counsel responded. Defendants argued that Defendant Larson is not a party to the Agreement, signed it only in his capacity as operations manager, and has not had minimum contacts with this forum, therefore there is no jurisdiction over Defendant Larson. Plaintiff argues generally that Defendant Larson has had minimum contacts with the forum, is specifically named in the contract and availed himself of the forum both by signing the Agreement containing the forum selection clause and being the sole owner of Defendant Velocity.

The law supports a finding that Defendant Larson is bound by the forum selection clause at issue.

> There is support in the law for non-parties to be bound by forum selection clauses contained in contracts. Specifically, a non-signatory to a forum selection clause may be bound if the non-signatory is "closely related" to the contracting parties or dispute, such that it was "'foreseeable' that it will be bound[.]"

4

*Veteran Payment Sys., LLC v. Gossage*, 2015 WL 545764, at *7 (N.D. Ohio Feb. 10, 2015) (citing *Baker v. LaBoeuf, Lamb, Leiby & Macrae*, 105 F.3d 1102, 1106 (6th Cir. 1997)); *see generally Manetti-Farrow, Inc. v. Gucci Am., Inc.*, 858 F.2d 509, 514 n.5 (9th Cir. 1988) ("We agree with the district court that the alleged conduct of the non-parties is so closely related to the contractual relationship that the forum selection clause applies to all defendants."); *Marano Enterprises of Kansas v. Z-Teca Restaurants, L.P.*, 254 F.3d 753, 757 (8th Cir. 2001) ("As for Leon Marano, the plaintiffs jointly represented to the District Court that he is a shareholder, officer, and director of Marano Enterprises, which *was* a party to the agreements. As such, he is, without question, "closely related" to the disputes arising out of the agreements and properly bound by the forum-selection provisions.").

Defendant Larson is the sole owner of Defendant Velocity; Defendant Larson negotiated and executed the Agreement on behalf of Defendant Velocity; and the Agreement specifically names Defendant Larson, providing that "Jared Larson agrees to handle the daily operations as the 'Operation's Manager' for all of Velocity's responsibilities, . . . ." (Agreement § IV.A.6, Pl.'s Compl. Ex. 1).  Defendant Larson is instrumental to the performance of the Agreement and directly benefits from the Agreement.  Defendant Larson is so closely related to both Defendant Velocity and this dispute that it was foreseeable that as Defendant Velocity is hailed into the selected forum, so too, shall be Defendant Larson.  The Court finds that Defendant Larson is bound by the forum selection clause.

5

## C.  Defendants' Motion to Dismiss

Instead of arguing the validity of the forum selection clause, Defendants in their reply argue that "there is a difference between mandatory and permissive forum selection clauses," and that the instant clause is not mandatory, therefore this forum "is not the only place this case may be brought."   Defendants cite no legal authority to support this argument.[2]   Next, they argue that the Agreement contains a "mandatory arbitration provision, which Plaintiff entirely ignored."  (Defs.' Reply).   The arbitration provision is discussed below.   At the hearing, Defendants' counsel acknowledged that the forum selection clause applies to the corporate Defendant Velocity, although Defendants had not admitted it in their pleadings.   Instead, Defendants argued that this forum is not a reasonably convenient forum and Utah would be more convenient.

This case is before the Court on diversity jurisdiction.  In *Wong v. PartyGaming Ltd.*, 589 F.3d 821, 828 (6th Cir. 2009), the Sixth Circuit held that "in this diversity suit, the enforceability of the forum selection clause is governed by federal law."  Yet, the *Wong* court was careful to point out that this holding did not disrupt their prior finding that "state law governs 'when the clause is raised as the sole basis for personal jurisdiction over the defendant.'"  *Id.* at n.6 (citing *Preferred Capital, Inc. v. Sarasota Kennel Club, Inc.*, 489 F.3d

---

[2] While a plain reading of the forum selection clause does not identify the United States District Court for the Eastern District of Michigan as the exclusive forum in which an action may be brought, the distinction is not relevant here.  *See generally Zukas Integrated Mktg. Solutions, LLC v. Captivate Network*, 2011 WL 4889110, at *3 (E.D. Mich. Oct. 13, 2011) ("Significantly, the word 'exclusively' is not present in the forum selection clause in the case before this court.").  Whether the clause is permissive or mandatory, Plaintiff filed its suit in the permitted venue pursuant to the forum selection clause.

303, 305 (6th Cir. 2007)).  Here, Plaintiff relies on the forum selection clause as the sole basis for jurisdiction.

"It has been recognized by both [Michigan courts] and by the United States Supreme Court that parties may agree, even in advance of litigation, to submit to the personal jurisdiction of a particular forum."  *Potomac Leasing Co. v. French Connection Shops, Inc.*, 431 N.W.2d 214, 216 (Mich. Ct. App. 1988).

> [B]ecause the personal jurisdiction requirement is a waivable right, there are a "variety of legal arrangements" by which a litigant may give "express or implied consent to the personal jurisdiction of the court." . . . For example, particularly in the commercial context, parties frequently stipulate in advance to submit their controversies for resolution within a particular jurisdiction. . . . Where such forum-selection provisions have been obtained through "freely negotiated" agreements and are not "unreasonable and unjust," . . . their enforcement does not offend due process.

*Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 473 n.14 (1985) (citations omitted).

Michigan law provides

> (2) If the parties agreed in writing that an action on a controversy may be brought in this state and the agreement provides the only basis for the exercise of jurisdiction, a court of this state shall entertain the action if all the following occur:
>
>> (a) The court has power under the law of this state to entertain the action.
>>
>> (b) This state is a reasonably convenient place for the trial of the action.
>>
>> (c) The agreement as to the place of the action is not obtained by misrepresentation, duress, the abuse of economic power, or other unconscionable means.
>>
>> (d) The defendant is served with process as provided by court rules.

Mich. Comp. Laws § 600.745(2).

7

As Plaintiff points out, these four statutory factors are met.  With respect to the first and third factors, subparts (a) and (c), Defendants do not argue that the Agreement or the forum selection clause is invalid or was obtained by unconscionable means, nor is there an argument that this Court cannot apply Michigan substantive law to the claims as necessary.  On the contrary, Defendants' motion states that "[t]he subject of the agreement was negotiated and executed by Jared Larsen, Velocity's operations manager in the state of Utah." (Defs.' Mot. to Dismiss).  "Commercial forum selection clauses between for-profit business entities are *prima facie* valid." *Preferred Capital, Inc. v. Assocs. in Urology*, 453 F.3d 718, 721 (6th Cir. 2006).  Neither party argues that the Agreement is other than a commercial contract executed between two business entities.  With respect to the fourth statutory factor, subpart (d), Plaintiff alleges and Defendants do not dispute that Defendants were properly served with process pursuant to the Federal Rules.

With respect to the second statutory factor, subpart (b), the Michigan Court of Appeals has noted that Michigan case law provides "little to no guidance" on the factors which should be considered in determining "whether the exercise of jurisdiction is 'reasonably convenient' for the parties," so the court looked to the "analogous forum non conveniens analysis for guidance." *See Lease Acceptance Corp. v. Adams*, 724 N.W.2d 724, 734 (Mich. Ct. App. 2006).  The Michigan Supreme Court, in *Cray v. General Motors Corp.*, set forth criteria "to aid a trial court in determining whether to deny jurisdiction on the basis of forum non conveniens." *Lease Acceptance Corp.*, 724 N.W.2d at 734-35 (citing *Cray v. General Motors Corp.*, 207 N.W.2d 393 (Mich. 1973)).  The criteria have come to be known as the *Cray* factors and include three groups with subparts, as reaffirmed in *Radeljak v. Daimlerchrysler Corp.*:

8

1. The private interest of the litigant.

    a. Availability of compulsory process for attendance of unwilling and the cost of obtaining attendance of willing witnesses;

    b. Ease of access to sources of proof;

    c. Distance from the situs of the accident or incident which gave rise to the litigation;

    d. Enforcibility [sic] of any judgment obtained;

    e. Possible harassment of either party;

    f. Other practical problems which contribute to the ease, expense and expedition of the trial;

    g. Possibility of viewing the premises.

2. Matters of public interest.

    a. Administrative difficulties which may arise in an area which may not be present in the area of origin;

    b. Consideration of the state law which must govern the case;

    c. People who are concerned by the proceeding.

3. Reasonable promptness in raising the plea of forum non conveniens.

*Radeljak v. Daimlerchrysler Corp.*, 719 N.W.2d 40, 43 (Mich. 2006)

    In the pleadings, Defendants argue that neither Defendant is present in Michigan, and at the hearing, they argued that this forum is an inconvenient place for the trial of the action.  Defendants argue that it is not disputed that Plaintiff paid the money required under the Agreement; the dispute regards what Defendants have done with the money. Therefore, ague Defendants, Plaintiff has no relevant witnesses or documents in Michigan, any relevant witnesses and documents are in Utah, and any accounting has to be performed in Utah.

9

Despite Defendants' arguments regarding the location of witnesses, neither party has identified specific witnesses other than the parties and principals, or potentially unwilling witnesses for whom compulsory process may be necessary.  There is no accident, incident, site or premises that require viewing.  Access to account information and documents may be had nearly as easily from Michigan as Utah.  A judgement here should be as enforceable as if obtained elsewhere within the United States District Courts and no harassment, potential or existing, has been established or alleged.  The factors as to the private interest are neutral. It is worth noting that Defendants had the opportunity to address concerns of convenience prior to agreeing to Michigan as a forum.

The public interest factors weigh in favor of the case remaining in Michigan.  The Agreement provides that it "will be governed and must be construed in accordance with the laws of the State of Michigan."  Certainly another court is capable of applying Michigan law, yet it is simpler for a Michigan court to apply Michigan law.  This factor weighs in favor of maintaining the action in Michigan, as does the Plaintiff corporation's connection to Michigan.  Defendants have not established administrative difficulties with defending the case here and have already retained counsel.  As to the final *Cray* factor, there is no dispute that Defendants raised the issue of personal jurisdiction promptly.  After considering the factors, the Court finds that Michigan is a reasonably convenient forum for the trial of this action.  The forum selection clause meets Michigan statutory requirements for the exercise of personal jurisdiction and Defendants' motion to dismiss should be denied.

10

### D. Arbitration Clause

Defendants also argue that the Agreement has a mandatory arbitration provision that Plaintiff has "entirely ignored." Section XIX of the Agreement provides the following:

> It is the intention of the parties to bring all disputes between them to an early, efficient and final resolution. Therefore, it is hereby agreed that all disputes, claims and controversies between the parties hereto, whether individual, joint in class in (sic) nature, or otherwise, shall first try to be resolved under the rules and auspices of the American Arbitration Association ("AAA").

(Agreement § XIX Arbitration of Disputes, Pl.'s Compl. Ex. 1). One of the claims in Plaintiff's Complaint seeks a declaratory judgment regarding the enforceability of the arbitration provision.

First, it is appropriate for the Court to determine the arbitrability of the parties' disputes where there is no evidence that the parties "agreed to let an arbitrator decide if they intended to arbitrate." *Spartech CMD, LLC v. Int'l Auto. Components Group N. Am., Inc.*, 2009 WL 440905, at *4 (E.D. Mich. Feb. 23, 2009). "While the courts must respect the liberal federal policy favoring arbitration agreements, . . . . the underlying question of whether the parties agreed to arbitrate is to be decided by the court, not the arbitrator." *Seawright v. American Gen. Fin. Servs., Inc.*, 507 F.3d 967, 972 (6th Cir. 2007) (internal quotes and citations omitted).

A decision from this district points out that "[t]he Sixth Circuit has yet to address the relationship between forum-selection and arbitration clauses. However, several other circuits hold that choice-of-forum clauses are not inconsistent with, but rather complementary to arbitration provisions." *Spartech CMD, LLC*, 2009 WL 440905, at *7. The "Applicable Law" provision of the Agreement, which contains the forum selection clause, is not in direct conflict with the "Arbitration of Disputes" provision, nor are the

11

clauses inconsistent.  First, there is nothing in the forum selection clause that specifically precludes arbitration.  Second, the arbitration provision states that "all disputes, claims and controversies between the parties . . . shall *first* try to be resolved under the rules and auspices of the American Arbitration Association ("AAA")", thus contemplating that arbitration is a first step, yet further action may be taken by other means.  (Agreement § XIX, emphasis added).  As the Third Circuit held, "[b]oth can be given effect, for arbitration awards are not self enforceable.  They may only be enforced by subsequent judicial action. Thus, even if arbitration is completed, the forum selection clause would appear to dictate the location of any action to enforce the award."  *See Patten Sec. Corp., Inc. v. Diamond Greyhound & Genetics, Inc.*, 819 F.2d 400, 407 (3d Cir. 1987) (internal footnote omitted) (abrogated on other grounds by *Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271 (1988)).  The Court may first properly determine whether it has jurisdiction over the parties.  The existence of an arbitration provision does not preclude the finding of personal jurisdiction pursuant to the forum selection clause.

## III.   CONCLUSION

For the above-stated reasons Defendants' Motion To Dismiss is DENIED.


                         s/Nancy G. Edmunds_____
                         Nancy G. Edmunds
                         United States District Judge

Dated:  May 6, 2015

I hereby certify that a copy of the foregoing document was served upon counsel of record on May 6, 2015, by electronic and/or ordinary mail.

s/Carol J. Bethel
Case Manager